| | |
|---|---|
| 1 | Daniel S. Mount (State Bar No. 077517) |
| | Daniel H. Fingerman (State Bar No. 229683) |
| 2 | Bobbie N. Eftekar (State Bar No. 240102) |
| | On Lu (State Bar No. 242693) |
| 3 | MOUNT & STOELKER, P.C. |
| | 333 West San Carlos Street, Suite 1650 |
| 4 | San Jose, CA 95110 |
| | Telephone: (408) 279-7000 |
| 5 | Fax: (408) 998-1473 |
| | E-mail: dmount@mount.com |
| 6 | dfingerman@mount.com |
| | beftekar@mount.com |
| 7 | olu@mount.com |

Filed
MAY 17 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

C07  02627  RS 

Attorneys for Plaintiff
Feiya Cosmetics, LLC

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Feiya Cosmetics, LLC, a California Limited Liability Corporation, | Civil Case No.: |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. TRADEMARK INFRINGEMENT; |
| ZENNA CHEMICAL FACTORY INDUSTRY CO. LTD, a Taiwanese Corporation. | 2. COUNTERFEITING; |
| | 3. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; |
| Defendant. | 4. NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; |
| | 5. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS; |
| | 6. UNFAIR COMPETITION. |
| | DEMAND FOR JURY TRIAL |

Complaint                                                                                                                       1

Plaintiff, Feiya Cosmetics, LLC ("Feiya") files this Complaint against Defendant Zenna Chemical Factory Industry Co. Ltd. ("Zenna") and alleges as follows:

### NATURE OF ACTION

1. This action is for violation of Federal Trademark Infringement Law, Lanham Act, Title 15 U.S.C. §§ 1051 et seq.; Counterfeiting, Title 15 U.S.C. § 1125(a); Unfair Competition; Intentional Interference with Contractual Relations; Intentional Interference with Prospective Economic Advantage; and Negligent Interference with Prospective Economic Advantage as committed by Zenna.

2. Feiya seeks damages, injunctive, and declaratory relief.

### JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

3. Jurisdiction is proper pursuant to 20 U.S.C. § 1338, 28 U.S.C. § 2201, and supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Personal Jurisdiction over Zenna is proper as Zenna sells and ships infringing merchandise into the Northern District of California

5. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to this action occurred, or a substantial part of the property that is the subject of this action is situated, in the Northern District of California.

### THE PARTIES

6. Plaintiff Feiya Cosmetics, LLC is a Limited Liability Company doing business in the Northern District of California, with a principal place of business at 301 N. Jackson Ave, Suite # 4, San Jose, CA 95133. Feiya is the exclusive U.S. distributor of certain cosmetic products.

7. Feiya is the owner of all right, title, and interest in United States Trademark Registration No. 2,843,983 for the Mark "FEIYA" (the "Mark") issued on May 18, 2004 by the United States Patent and Trademark Office ("USPTO"). Feiya has an exclusive distributorship with the manufacturer of Feiya Cosmetics for distribution in the United States.

8. Upon information and belief, Defendant Zenna, is a Taiwan Corporation, doing business in the Northern District of California, Upon information and belief, Defendant Zenna, is a

Taiwan Corporation, doing business in the Northern District of California, with a principal place of business at No. 11, Lane 71, Fu-Der Road, Ta-Li City, Taichung County 412, TAIWAN.

### FIRST CLAIM FOR RELIEF

### (Trademark Infringement)

9. Plaintiff realleges and incorporates herein each and every prior allegation.

10. This claim is for trademark infringement pursuant to the Lanham Act, Title 15 U.S.C. §§ 1051 et seq. Pursuant to 15 U.S.C. § 1125, any person who, in conjunction with any goods or services, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion or mistake as to affiliation, may be held liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

11. Zenna reproduced, imported, counterfeited, copied and colorably imitated Feiya's Mark and applied such reproduction, counterfeit, copy and colorable imitation on packaging and products in connection with the sale, offering for sale, distribution and advertising wherein such use is likely to cause confusion, mistake, and/or deception to consumers that such products originated with, are authorized by, or are associated with Feiya.

12. On information and belief, Zenna's infringement and inducement has been willful and deliberate with the intent to cause confusion, mistake, and/or deception to consumers.

13. As a direct and proximate cause of Zenna's unauthorized acts, Feiya has been damaged in an amount to be proven at trial.

Wherefore, Feiya prays for relief against Zenna as set forth below.

### SECOND CLAIM FOR RELIEF

### (Counterfeiting under 15 U.S.C. §1125(a))

14. Plaintiff realleges and incorporates herein each and every prior allegation.

15. Feiya has adopted and uses in interstate commerce the Mark as a trademark and wordmark for cosmetic products.

16. Zenna's counterfeiting of the Mark, as hereinbefore alleged, is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Zenna with Feiya,

and as to the origin of Zenna's goods and to mislead and deceive others into the mistaken belief that Zenna's products are approved and sponsored by Feiya in violation of Feiya's rights as set forth in 15 U.S.C. §1125(a).

17. As a result of Zenna's acts, Feiya has been damaged in an amount to be proven at trial. Wherefore, Feiya prays for relief against Zenna as set forth below.

### THIRD CLAIM FOR RELIEF

**(Intentional Interference with Prospective Economic Advantage)**

18. Plaintiff realleges and incorporates herein each and every prior allegation.

19. At all relevant times, Feiya had economic relationships with customers, including retailers, distributors, and consumers, with the probability of future economic benefit to Feiya.

20. Feiya is informed and believes, and thereon alleges, that in doing the things alleged herein, including, without limitation, knowingly and willfully utilizing and infringing Feiya's Mark in conjunction with the marketing and sale of products without Feiya's authorization, Zenna caused economic harm to Feiya by wrongfully diverting customers to the products sold by Zenna.

21. Feiya is informed and believes, and thereon alleges, that in doing the things alleged herein, Zenna acted with malice, oppression, and/or fraud, and Feiya therefore seeks and is entitled to recover an award of punitive and exemplary damages against Zenna in an amount to be proven at trial.

22. Feiya is informed and believes, and thereon alleges, that unless restrained by the Court, Zenna threatens to and will continue to wrongfully intentionally interfere with Feiya's prospective economic advantages and relationships with customers, and Feiya will thereby suffer and continue to suffer irreparable harm for which there is no adequate legal remedy. Feiya therefore seeks and is entitled to preliminary and permanent injunctive relief restraining Zenna from intentionally interfering with Feiya's prospective economic advantages and relationships with customers.

Wherefore, Feiya prays for relief against Zenna as set forth below.

### FOURTH CLAIM FOR RELIEF

**(Negligent Interference with Prospective Economic Advantage)**

23. Plaintiff realleges and incorporates herein each and every prior allegation.

24. At all relevant times, Feiya had economic relationships with customers with the probability of future economic benefit to Feiya.

25. Feiya is informed and believes, and thereon alleges, that in negligently utilizing and infringing Feiya's Mark in conjunction with the marketing and sale of competing products without Feiya's authorization, Zenna caused economic harm to Feiya by wrongfully diverting customers to the infringing products sold by Zenna.

26. Feiya is informed and believes, and thereon alleges, that as a result of the wrongful conduct by Zenna as alleged herein, there has been actual disruption of Feiya's above-alleged economic relationship, and that as a direct, proximate result Feiya has suffered, and continues to suffer, damages in an amount to be proven at trial.

27. Feiya is informed and believes, and thereon alleges, that unless restrained by the Court, Zenna may continue to interfere with Feiya's prospective economic advantages and relationship with customers, and Feiya will thereby suffer and continue to suffer irreparable harm for which there is no adequate legal remedy. Feiya therefore seeks and is entitled to preliminary and permanent injunctive relief restraining Zenna from interfering with Feiya's prospective economic advantages and relationships with customers.

Wherefore, Feiya prays for relief against Zenna as set forth below.

## FIFTH CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations)

28. Plaintiff realleges and incorporates herein each and every prior allegation.

29. At all relevant times, Feiya had a contract with the manufacturer for exclusive distribution in the U.S.

30. Feiya is informed and believes, and thereon alleges, that Zenna knew of Feiya's contract with the Manufacturer.

31. Feiya is informed and believes, and thereon alleges, that Zenna represented to the manufacturer that it would not import the products into the U.S.

32. Zenna disrupted the performance of that contract by unlawfully importing goods in the U.S.

Complaint                                                                                                       5

33. Zenna's conduct prevented the performance of Feiya's contract with Manufacturer.

34. Feiya was harmed, and Zenna's conduct was a substantial factor in causing Feiya's harm.

Wherefore, Feiya prays for relief against Zenna as set forth below.

## SIXTH CLAIM FOR RELIEF

### (Unfair Competition under California Unfair Practices Act)

35. Plaintiff realleges and incorporates herein each and every prior allegation.

36. Zenna has engaged in unfair competition under the California Unfair Practices Act. Zenna engaged in unlawful, unfair, or fraudulent business practices.

37. Zenna has acted unlawfully by such acts as intentionally and negligently interfering with Feiya's prospective business advantage, and intentionally and negligently interfering with Feiya's contractual relations. Zenna has infringed and counterfeited Feiya's Mark as alleged herein with the intent to deceive the public into believing that the goods sold by Zenna are made by, approved by, sponsored by or affiliated with Feiya. Zenna's acts as alleged herein were committed with the intent to pass off and palm off Zenna's goods as Feiya's, and with the intent to deceive and defraud the public, or with reckless disregard for the truth. Each act by such Zenna was willful, intentional, deliberate, and in bad faith.

38. Feiya was harmed by the Zenna's conduct in an amount to be proven at trial.

39. By reason of Zenna's acts alleged herein, Feiya has and will suffer damage to its business, reputation, and goodwill and the loss of sales and profits Feiya would have made but for Zenna's acts.

40. Zenna threatens to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Feiya's irreparable damage.

41. Zenna's conduct was a substantial factor in causing harm to Feiya.

Wherefore, Feiya prays for relief against Zenna as set forth below.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Relief under 18 U.S.C. 2201)

42. Plaintiff realleges and incorporates herein each and every prior allegation.

Complaint                                                                                          6

43. Plaintiff is informed and believes that Zenna disputes the allegations in the above paragraphs. Plaintiff is entitled to declaratory judgment and judicial decree, adjudicating the disputes as alleged above and as prayed for herein by Plaintiff.

44. As such, a justiciable controversy has arisen and now exists between the parties concerning their respective rights and duties with regard to the matters alleged above, thereby requiring a judicial declaration by this Court as to their respective rights and duties.

45. Plaintiff is entitled to a judicial determination of the parties' respective rights and duties and a declaratory judgment establishing same herein. Such judgment is necessary to protect the rights and duties of the parties, to avoid needless future controversies and litigation, and to resolve the unsettled state of affairs which now exists, and which threatens to cause economic harm and damage to Plaintiff and others, unless judicially determined.

Wherefore, Feiya prays for relief against Zenna as set forth below.

## PRAYER

Wherefore, Feiya prays for relief against Zenna as follows:

1. The Court declare that Zenna infringed Feiya's Mark;

2. The Court declare that Zenna counterfeited Feiya's Mark;

3. The Court declare that Zenna intentionally interfered with Plaintiff's prospective economic advantage;

4. The Court declare that Zenna negligently interfered with Plaintiff's prospective economic advantage;

5. The court declare that Zenna intentionally interfered with Plaintiff's contractual relations;

6. The Court declare that Zenna engaged in unfair competition;

7. Zenna be enjoined from infringing Feiya's Mark;

8. Zenna be ordered to account for and pay to Feiya, damages suffered by Feiya as a result of Zenna's unlawful acts;

9. Zenna be ordered to account for and pay to Feiya, all profits realized by Zenna as a result of Zenna's unlawful acts;

10. Feiya be awarded punitive damages;

11. Feiya be awarded treble damages under 15 U.S.C. §1114 and 1125(a);

12. The Court declare this is an exceptional case and award Feiya recovery of its attorney fees;

13. The Court order that all matter in the possession of Zenna, bearing Feiya's mark, or any reproduction, counterfeit, copy, or colorable imitation thereof, be delivered up to Feiya for destruction;

14. The Court order Zenna to identify every person to whom Zenna has sold or otherwise conveyed product or other material bearing the Feiya Mark;

15. Costs of suit;

16. Preliminary and permanent injunctive relief;

17. Such other relief as the Court deems just.

### DEMAND FOR JURY TRIAL

Feiya hereby demands trial by jury for all issues which are so triable.

Dated: May 16, 2007                    MOUNT & STOELKER, P.C.

By: *[signature]*
Daniel S. Mount, Esq.
Daniel H. Fingerman, Esq.
Bobbie N. Eftekar, Esq.
On Lu, Esq.
Attorneys for Plaintiff
FEIYA COSMETICS, LLC

**DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 7.1, Plaintiff Feiya Cosmetics, LLC hereby discloses:

Feiya Cosmetics, LLC has no parents and no publicly traded subsidiaries.

Dated: May 16, 2007

MOUNT & STOELKER, P.C.

By: _____
Daniel S. Mount, Esq.
Daniel H. Fingerman, Esq.
Bobbie N. Eftekar, Esq.
On Lu, Esq.
Attorneys for Plaintiff
FEIYA COSMETICS, LLC