1  Daniel S. Mount (Cal. Bar No. 077517)
Daniel H. Fingerman (Cal. Bar No. 229683)
2  On Lu (Cal. Bar No. 242693)
MOUNT & STOELKER, P.C.
3  333 West San Carlos Street, Suite 1650
San Jose, CA 95110
4  Phone: 408.279.7000
Fax: (408) 998-1473
5  E-mail: dmount@mount.com
        dfingerman@mount.com
6        olu@mount.com

7  Attorneys for Plaintiff,
FEIYA COSMETICS, LLC

8

9            **IN THE UNITED STATES DISTRICT COURT FOR THE**
                  **NORTHERN DISTRICT OF CALIFORNIA**
10

11

Feiya Cosmetics, LLC, a California Limited     **Civil Case No.:** C07-02627 RS
12 Liability Corporation,

13              Plaintiff,                       **JOINT CASE MANAGEMENT**
                                                 **STATEMENT**
14  vs.

15  ZENNA CHEMICAL FACTORY                       Date: August 29, 2007
INDUSTRY CO. LTD, a Taiwanese                    Time: 2:30 PM
16  Corporation.                                 Place: Courtroom 4, 5th Floor
                                                 Judge: U.S. Magistrate Judge Richard Seeborg
17              Defendant.

18

19          Pursuant to Civil Local Rule 16-9, the parties jointly submit this Case Management

20  Statement, which they request the Court to adopt as its Case Management Order in this case.

21

22  **JURISDICTION AND SERVICE**

23          This Court's jurisdiction is based on 20 U.S.C. §1338 and supplemental jurisdiction exists

24  pursuant to 28 U.S.C. §1367.  No issues are disputed with respect to jurisdiction or venue.  All parties

25  have been served.

26  **FACTS**

27          This action was brought by Feiya Cosmetics, LLC ("Feiya") against Zenna Chemical Factory

28  Industry Co. Limited ("Zenna") for: (1) Violation of Federal Trademark Infringement Law pursuant

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

to the Lanham Act, Title 15 U.S.C. §§ 1051 et seq.; (2) Counterfeiting pursuant to Title 15 U.S.C. § 1125(a); (3) Unfair Competition; (4) Intentional Interference with Contractual Relations; (5) Intentional Interference with Prospective Economic Advantage; and (6) Negligent Interference with Prospective Economic Advantage.

In April 2006, Zenna purchased 150 dozen unauthorized Feiya products from Canam S.J. Corp ("Canam").   In May 2006, Zenna signed a commercial invoice, prepared a packing slip, and shipped these units to a U.S.-based customer through Oakland, California.

In September 2006, Zenna purchased 150 dozen unauthorized Feiya products from Canam S.J. Corp ("Canam").   In the same month, Zenna signed a commercial invoice, prepared a packing slip, and shipped these units to a U.S.-based customer through Oakland, California.

Beginning in October 2006, Feiya discovered the unauthorized Feiya products for sale in U.S. retail stores.  Feiya has acquired numerous samples of the gray market Feiya products from various retailers.  Based on identification numbers and U.S. Customs documentation, the gray market products can be traced back to the units shipped from Zenna in April and September of 2006.

Feiya alleges that Zenna has infringed and is infringing United States Trademark Registration No. 2,843,983 for the Mark "FEIYA" (the "Mark") issued on May 18, 2004 by the United States Patent and Trademark Office ("USPTO") and that such infringement is willful and deliberate.

Zenna alleges it had no knowledge that the products shipped were unauthorized.  Zenna further alleges it purchased and shipped the products as a favor to its U.S.-based customer for the purpose of consolidating shipments.

## FACTUAL AND LEGAL ISSUES

The parties intend the following items as a preliminary statement of the issues, subject to change as the issues develop and become known to the parties:

1.      Whether Zenna offered for sale, sold or imported products infringing the Mark.

2.      Whether Zenna reproduced, imported, counterfeited, copied and colorably imitated the Mark and applied such reproduction, counterfeit, copy and colorable imitation on packaging and products in connection with the sale, offering for sale, and distribution wherein such use is likely to

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

1  cause confusion, mistake, and/or deception to consumers that such products originated with, are

2  authorized by, or are associated with Feiya.

3        3.     Whether Zenna's infringement and inducement was willful and deliberate with the

4  intent to cause confusion, mistake, and/or deception to consumers.

5        4.     Whether Zenna engaged in unfair competition under the California Unfair Practices

6  Act and whether Feiya is entitled to damages or other relief.

7        5.     Whether Zenna may be found liable for trademark infringement and unfair competition

8  even though it had no intent or knowledge.

9        6.     Whether Zenna is liable for intentionally interfering with contractual relations and

10  whether Feiya is entitled to damages or other relief.

11        7.     Whether Zenna is liable for intentionally or negligently interfering with Feiya's

12  prospective economic advantages and whether Feiya is entitled to damages, injunction or other relief.

**MOTIONS**

14        The parties are not able to anticipate what motions will be filed at this time.

**AMENDMENT OF PLEADINGS**

16        Feiya expects to dismiss its claim against Zenna for Counterfeiting pursuant to Title 15 U.S.C.

17  § 1125(a) and potentially other claims as well. Zenna expects to file its Answer to Feiya's Complaint

18  at its earliest possibility. The attorney for Zenna, Mr. Max Chiang, is waiting admittance to the

19  Northern District of California so that he may file Zenna's Answer.

**EVIDENCE PRESERVATION**

21        Feiya and Zenna are in discussions about evidence preservation techniques and have not come

22  to agreement on any specific procedures at this time.

**DISCLOSURES**

24        The parties will exchange initial disclosures by August 29, 2007.

**DISCOVERY**

26        Feiya estimates approximately 4-6 depositions of witnesses. These witnesses include persons

27  with knowledge related to the allegations put forth by Feiya at Zenna, Mei Kwang Chemical Factory,

28  Canam SJ Corp, and Larkin, Inc. The information Feiya deems essential to obtain from Zenna

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

1  include: (1) purchase and sales records; (2) inventory control records and processes; (3) customs-
2  related documentation; (4) shipping and import/export records; and (5) correspondence with Mei
3  Kwang Chemical Factory, Canam SJ Corp, and Larkin, Inc.

4       Zenna estimates approximately 4 depositions of witnesses.  These witnesses include persons
5  with knowledge related to the allegations put forth by Feiya at Feiya, Mei Kwang Chemical Factory,
6  Canam SJ Corp, and Larkin, Inc.  The information Zenna deems essential to obtain from Feiya
7  include correspondence with Mei Kwang Chemical Factory, Canam SJ Corp, and Larkin, Inc.

8  **RELATED CASES**

9       There is another case pending in the Northern District involving the same plaintiff and same
10  trademark at issue but with different facts and different defendants (Case No. C07–767–JSW).  Both
11  Feiya and Zenna agree that consolidation of the two cases is inappropriate, especially in light of the
12  fact that Feiya and Zenna are making good faith efforts to settle the present matter.  The parties hope
13  that this case can be settled quickly whereas settlement does not appear to be imminent in the other
14  case.

15  **RELIEF**

16       Feiya's damages are based on lost profits, price erosion, dilution of the Mark, treble damages
17  and attorney fees as allowed under the Lanham Act.  Feiya also seeks injunctive relief.

18  **SETTLEMENT AND ADR**

19       Both Feiya and Zenna are amenable to nonbinding arbitration.  ADR Certification
20  representing this agreement was filed with the Court on August 8, 2007.

21       Feiya and Zenna are making good faith efforts to settle this matter and have engaged in
22  several dialogues.  The parties are also exchanging information and documents informally without
23  invoking federal discovery procedures.

24  **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

25       Feiya and Zenna consent to assignment of the case to a magistrate judge to conduct all further
26  proceedings including trial.

27  **NARROWING OF ISSUES**

28       At this time, the parties have not identified any issues that may be narrowed.

## EXPEDITED SCHEDULE

Feiya and Zenna agree that this case can be handled on an expedited schedule with streamlined procedures.

## SCHEDULING

Proposed dates submitted by Feiya and Zenna are as follows:

1. Discovery to be completed by January 4, 2007

2. Dispositive motions heard by February 29, 2008

3. Pretrial conference to be held on May 2, 2008

4. Trial scheduled to begin on May 26, 2008

## TRIAL

The parties estimate the length of trial to be one week or 5 court days. Feiya has requested a jury trial. Feiya expects to have expert witness testimony. Feiya approximates 4-6 witnesses.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Feiya will file the Certification of Interested Entities or Persons as required by Civil Local Rule 3-16 no later than Friday, August 24, 2007. There are no persons, firms, partnerships, corporations (including parent corporations) or other entities known by Feiya to have either: (i) financial interest in the subject matter; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Zenna will file the Certification of Interested Entities or Persons as required by Civil Local Rule 3-16 after its attorney is admitted to the Northern District. There are no persons, firms, partnerships, corporations (including parent corporations) or other entities known by Zenna to have either: (i) financial interest in the subject matter; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Dated: August 24, 2007              MOUNT & STOELKER, P.C.

By:  /s/ On Lu

On Lu, Esq.
Attorneys for Plaintiff
FEIYA COSMETICS, LLC

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

Dated: August 24, 2007

LAW OFFICES OF MAX C. CHIANG

By:    /s/ Max Chiang

Max C. Chiang, Esq.
Attorney for Defendant
ZENNA CHEMICAL FACTORY INDUSTRY CO. LTD.

1

## __ATTESTATION OF ELECTRONIC FILING__

2

3       As the attorney e-filing this document, I hereby attest that Max Chiang has concurred in this

4  filing.

5

6  Dated: August 24, 1007                    By:   /s/ On Lu _____

7                                            On Lu, Esq.
                                             MOUNT & STOELKER, P.C.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000