1  MAX C. CHIANG, ESQ
   LAW OFFICES OF MAX C. CHIANG
2  18000 Studebaker Road, Suite 585
   Cerritos, California 90703
3  Telephone:  (562) 809-3210
   Facsimile:  (562) 684-4039
4
   Attorneys for Defendant
5  ZENNA CHEMICAL FACTORY
   INDUSTRY CO., LTD.



## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEIYA COSMETICS, LLC., a California Limited Liability corporation, | Case No.: C07-02627 RS |
| Plaintiff, | ANSWER TO COMPLAINT BY DEFENDANT ZENNA CHEMICAL FACTORY INDUSTRY CO., LTD. |
| vs. | |
| ZENNA CHEMICAL FACTORY INDUSTRY CO., LTD., a Taiwanese Corporation, | |
| Defendant. | |

Defendant ZENNA CHEMICAL FACTORY INDUSTRY CO., LTD. ("defendant") answers the Complaint ("Complaint") of plaintiff FEIYA COSMETICS, LLC, ("plaintiff"), as follows:

### NATURE OF ACTION

1. Defendant, on information and belief, believes Plaintiff's allegations contained in paragraph 1 to be correct.

2. Defendant, on information and belief, believes Plaintiff's allegations contained in paragraph 2 to be correct.

### JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

3. Defendant, has no knowledge of the facts alleged by Plaintiff in paragraph 3 and

1 | on that basis, denies same.

2 | 4.   Defendant, has no knowledge of the facts alleged by Plaintiff in paragraph 4 and on that basis, denies same.

5.   Defendant, has no knowledge of the facts alleged by Plaintiff in paragraph 5 and on that basis, denies same.

### THE PARTIES

6.   Defendant, has no knowledge of the facts alleged by Plaintiff in paragraph 6 and on that basis, denies same.

7.   Defendant, has no knowledge of the facts alleged by Plaintiff in paragraph 7 and on that basis, denies same.

8.   Defendant admits that Plaintiff's allegations contained in paragraph 8 to be correct.

### IN RESPONSE TO FIRST CLAIM FOR RELIEF

9.   Defendant incorporates herein by this reference its answers set forth above to each allegation of each Paragraph incorporated by reference in Paragraph 9 of the Complaint.

10. In response to the allegations of Paragraph 10 of the Complaint, defendant admits that a person may be held liable in a civil action for acts specified in 15 U.S.C. §1125. Except as expressly admitted and alleged, defendant denies the remaining allegations of Paragraph.

11.   Defendant denies the allegations of paragraph 11 of the Complaint.

12.   Defendant denies the allegations of paragraph 12 of the Complaint.

13.   Defendant denies the allegations of paragraph 13 of the Complaint.

### IN RESPONSE TO SECOND CLAIM FOR RELIEF

14.   Defendant incorporates herein by this reference its answers set forth above to each allegation of each Paragraph incorporated by reference in Paragraph 14 of the Complaint.

15.   Defendant, has no knowledge of the facts alleged by Plaintiff in paragraph 15 and on that basis, denies same.

16.   Defendant denies the allegations of paragraph 16 of the Complaint.

ZENNA CHEMICAL FACTORY INDUSTRY CO., LTD.'S ANSWER

17. Defendant denies the allegations of paragraph 17 of the Complaint.

**IN RESPONSE TO THIRD CLAIM FOR RELIEF**

18. Defendant incorporates herein by this reference its answers set forth above to each allegation of each Paragraph incorporated by reference in Paragraph 18 of the Complaint.

19. Defendant, has no knowledge of the facts alleged by Plaintiff in paragraph 19 and on that basis, denies same.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

**IN RESPONSE TO FOURTH CLAIM FOR RELIEF**

23. Defendant incorporates herein by this reference its answers set forth above to each allegation of each Paragraph incorporated by reference in Paragraph 23 of the Complaint.

24. Defendant, has no knowledge of the facts alleged by Plaintiff in paragraph 19 and on that basis, denies same.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

**IN RESPONSE TO FIFTH CLAIM FOR RELIEF**

28. Defendant incorporates herein by this reference its answers set forth above to each allegation of each Paragraph incorporated by reference in Paragraph 28 of the Complaint.

29. Defendant, has no knowledge of the facts alleged by Plaintiff in paragraph 29 and on that basis, denies same.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

///

## IN RESPONSE TO SIXTH CLAIM FOR RELIEF

35. Defendant incorporates herein by this reference its answers set forth above to each allegation of each Paragraph incorporated by reference in Paragraph 35 of the Complaint.

36. Defendant denies the allegations of paragraph 36 of the Complaint.

37. Defendant denies the allegations of paragraph 37 of the Complaint.

38. Defendant denies the allegations of paragraph 38 of the Complaint.

39. Defendant denies the allegations of paragraph 39 of the Complaint.

40. Defendant denies the allegations of paragraph 40 of the Complaint.

41. Defendant denies the allegations of paragraph 41 of the Complaint.

## IN RESPONSE TO SEVENTH CLAIM FOR RELIEF

42. Defendant incorporates herein by this reference its answers set forth above to each allegation of each Paragraph incorporated by reference in Paragraph 42 of the Complaint.

43. In response to the allegations of Paragraph 43 of the Complaint, defendant admits only that a declaratory judgment may be necessary to resolve the parties' dispute. Except as specifically admitted herein, defendant denies each and every allegation, generally and specifically, conjunctively and disjunctively, all and singular, contained therein and the whole thereof.

44. In response to the allegations of Paragraph 44 of the Complaint, defendant admits only that a judicial controversy exists between the parties. Except as specifically admitted herein, defendant denies each and every allegation, generally and specifically, conjunctively and disjunctively, all and singular, contained therein and the whole thereof.

45. In response to the allegations of Paragraph 45 of the Complaint, defendant admits only that a declaratory judgment may be necessary to resolve the parties' dispute. Except as specifically admitted herein, defendant denies each and every allegation, generally and specifically, conjunctively and disjunctively, all and singular, contained therein and the whole thereof.

///

///

## FIRST AFFIRMATIVE DEFENSE

46. As and for a first affirmative defense, defendant alleges that plaintiff has failed to state a claim upon which relief can be granted against this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

47. As and for a second and separate affirmative defense, plaintiff's claims, and each of them, are barred by the applicable statute(s) of limitations.

## THIRD AFFIRMATIVE DEFENSE

48. As and for a third and separate affirmative defense, defendant alleges that plaintiff has failed to state a claim upon which attorney's fees can be awarded.

## FOURTH AFFIRMATIVE DEFENSE

49. As and for a fourth and separate affirmative defense, defendant alleges that plaintiff's claims are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

50. As and for a fifth and separate affirmative defense, defendant alleges that plaintiff's claims are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

51. As and for a sixth and separate affirmative defense, defendants allege that plaintiffs' request for relief is barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

52. As and for a seventh and separate affirmative defense, defendant alleges that plaintiff has failed to set out its claims with sufficient particularity to permit defendant to raise all appropriate defenses, and defendant, therefore, reserves the right to add further defenses as the bases for plaintiff's purported claims become known, pursuant to Rule 8 of the Federal Rules of Civil Procedure.

## EIGHTH AFFIRMATIVE DEFENSE

53. As an eighty and separate and affirmative defense to each and every allegation, claim, and request for relief in the Complaint, Defendant alleges that any and all acts, occurrences and damages alleged or referred to in the Complaint were proximately caused by

the bad faith of Plaintiff and/or others in that Plaintiff and/or others failed to deal promptly, fairly, honestly, and reasonably with Defendant and others; therefore, the comparative bad faith of Plaintiff and/or others reduces Plaintiff's right to recover, if any, by the amount which its bad faith contributed to the damages alleged.

### NINTH AFFIRMATIVE DEFENSE

54. As a ninth and separate and affirmative defense to each and every allegation, claim, and request for relief in the Complaint, Defendant alleges that at the time the acts alleged in the Complaint were alleged to have taken place, Defendant had no knowledge of any relationship or lack thereof between Plaintiff and his customers. Lacking any such knowledge, Defendant neither interfered with the business operations of Plaintiff nor engaged in any acts to the detriment of Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

55. As a tenth and separate and affirmative defense to each and every allegation, claim, and request for relief in the Complaint, Defendant alleges that at the time the acts alleged in the Complaint were alleged to have taken place, Defendant had no knowledge of Plaintiff's trademark validity or the invalidity of any goods sold to Plaintiff's customers or any third parties.

### ELEVENTH AFFIRMATIVE DEFENSE

56. At the time the acts alleged in the Complaint were alleged to have taken place, Defendant had no knowledge of the business relationships, the prospective business relationships or the contractual relationships of Plaintiff. Lacking any such knowledge, Defendant neither interfered with such relationships of Plaintiff nor engaged in any acts to the detriment of Plaintiff.

WHEREFORE, this answering defendant prays that:

1. Plaintiff take nothing by its Complaint;
2. Judgment be entered in favor of defendant and against plaintiff;
3. Defendant be awarded its attorney's fees incurred herein;
4. Defendants be awarded its costs incurred herein; and

5. The Court grant such other and further relief as the Court deems just and proper under the circumstances.

Dated: November 12, 2007

Law Offices of Max C. Chiang

By /s/ Max C. Chiang
MAX C. CHIANG
Attorney for Defendant
ZENNA CHEMICAL FACTORY
INDUSTRY CO., LTD.

# PROOF OF SERVICE BY MAIL

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 18000 Studebaker Road, Suite 585, Cerritos, CA 90703-2682.

On November 12, 2007, I served the foregoing document described as **ANSWER TO COMPLAINT BY DEFENDANT ZENNA CHEMICAL FACTORY INDUSTRY CO., LTD.**, on the interested parties in this action by placing a true copy thereof enclosed in the sealed envelopes addressed as follows:

On Lu
Mount & Stoelker, P.C.
333 West San Carlos Street, Suite 1650
San Jose, CA 95110

By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

( )  BY PERSONAL SERVICE (CCP §1011): I caused to be delivered such envelope(s) by hand to the addressee(s) as stated above by attorney at court hearing.

(✓)  BY MAIL (CCP §1013(a)&(b)): I am "readily familiar" with the firm's practice of collection and processing correspondence and other documents for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( )  BY OVERNIGHT DELIVERY (CCP §1013(c)&(d)): I am "readily familiar" with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 18000 Studebaker Road, Suite 585, Cerritos, CA 90703-2682.

( )  BY FACSIMILE: Pursuant to CCP §1013(e) and (f) and CRC Rule 2008, on _____ 200__, at approximately _____ I served the above stated document by facsimile from the facsimile machine of the Law Office of Max C. Chiang, whose number is (562) 684-4039 to the addressee(s) at the facsimile numbers as stated in the service list. The facsimile machine used complies with CRC Rule 2003(3). Pursuant to CRC Rule 2008(e) the transmission by facsimile was reported as complete and without error.

( )  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(✓)  (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 12, 2007, at Cerritos, California.

MAX C. CHIANG